**SEDGWICK LLP**
Mario Horwitz (Bar No. 110965)
*mario.horwitz@sedgwicklaw.com*
James Nelson (Bar No. 181256)
*james.nelson@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone:    213.426.6900
Facsimile:     213.426.6921

Attorneys for Defendants, Stryker Corporation and
Howmedica Osteonics Corp (sued as Stryker Orthopaedics)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLORIA RHYNES and DARRELL JENKINS, | Case No. 3:10-cv-05619-SC |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| STRYKER CORPORATION; STRYKER ORTHOPEDICS; and DOES 1 through 30, Inclusive;, | |
| Defendants. | |

    The undersigned parties to this litigation hereby agree to the terms of this Stipulated Protective Order (hereafter, "Protective Order"), as set forth below, and submit it to the Court for adoption as an Order upon full execution by counsel on behalf of their respective clients:

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as

set forth in Paragraph 10, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. Irrespective of the form in which discovery materials are produced, including printed or electronically recorded documents, in connection with the discovery process in the above-entitled case, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, medical records and any documents recorded on computer disks, the parties may designate any such materials as "confidential" or "confidential discovery material," under the terms of this stipulated order.

2. The parties to this order may designate as "Confidential" or "Trade Secret," pursuant to the terms of this order, documents or other discovery material to the extent they consist of or include trade secret or confidential research, development, or commercial information and may include financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy law, as well as any other type of information given confidential status by the court.

3. Any person subject to this order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this order.

4. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as "Confidential" or "Trade Secret" in such a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for confidential discovery material, in which case the text in the transcript where these questions or answers occur shall be specially marked as a separate page

stamped "Confidential Information Governed By Protective Order" by the court reporter. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

6. Notwithstanding the provisions of paragraphs 2-4 above, a producing party may redact from any Confidential Document any: (i) trade secrets or other highly confidential research, development or commercial information that do not relate to the claims or defenses at issue, (ii) names and any information that would identify clinical trial subjects or patients (other than plaintiff) referred to in product experience reports, consumer names in complaints and other similar data and, in accordance with 21 C.F.R. § 20.63(f), the names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device product; (iii) home addresses; (iv) personnel information not the specific focus of the request, and information about products that are not the subject of this litigation.

7. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as confidential discovery material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as confidential discovery material pursuant to this order. However, no party shall be penalized in any way for disclosing such materials prior to receiving notice of this belated realization.

8. No person subject to this order other than the designating party shall disclose any confidential discovery material to any other person, except as follows:

    a) Counsel for the parties in this action, including any paralegal, clerical, consulting, professional and other staff employed or retained by counsel for work on this action;

    b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

    c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order;

  d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit "A";

  e) Official court reporters; and

  f) The court, mediators, and support personnel.

 9. Prior to any disclosure of confidential discovery material to any person referred to in subparagraphs (c) or (d) of paragraph 8 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit "A" hereto.  The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms.  All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.

 10. Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any confidential, trade secret or confidential discovery material.  A party that seeks to file under seal any confidential, trade secret or confidential discovery material must comply with Civil Local Rule 79-5.  Such material and documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific material and documents at issue.

 11. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for interested parties a written notice explaining the basis for its belief the designation was not proper and give the designating party an opportunity to review the material and reconsider the circumstances.  If agreement cannot be reached, the dispute will be submitted to the court.  Until a dispute is resolved, the material designated as "Confidential" or "Trade Secret" shall remain as confidential discovery material pursuant to this order.  The party requesting confidentiality shall have the burden of establishing entitlement to protection and confidentiality.

 12. The court retains discretion to deny confidential treatment to any documents or

discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

13.  Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

14.  If a party is served with a subpoena or court order issued in other litigation compelling the production of "Confidential" information, the parties have obtained under the terms of this Stipulation and Protective Order, the parties shall promptly notify the Producing Party of the pendency of such subpoena or order.  In no event shall documents designated as "Confidential" be produced prior to the expiration of ten (10) business days following confirmation of receipt of written notice by the Producing Party.  With respect to any subpoena the Producing Party shall have the burden and the expense of seeking the protection, if any, in the applicable court.  No party will object to the Producing Party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such protected material for the sole purpose of seeing to prevent or restrict disclosure thereof.

15.  This order shall survive the termination of this action.  Within 30 days of the final disposition of this action, all "Confidential" and "Trade Secret" information shall promptly be returned to the producing party.  Counsel of record shall make certification of compliance that all "Confidential" and "Trade Secret" information was returned to producing party not more than 40 days after final conclusion of this litigation.  For purposes of this Order, final conclusion shall be taken as the date on which a stipulated dismissal is filed or a final, non-appealable order disposing of this lawsuit is entered.

16.  The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

17.  Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for confidential discovery material.

18.  Additional parties may be added to this action as allowed under the Federal Rules of Civil Procedure.  Before receiving confidential discovery material, a new party must agree to

be bound by the terms of this order as if the party had stipulated to it at the time of entry.  No newly added party shall have access to confidential discovery material until the party is subject to the terms of this order.

19.   Information of any kind obtained by parties subject to this order from any source outside of discovery in this action shall not be subject to the terms of this order, notwithstanding that the same information has been produced in this action and designated as confidential discovery material.

20.   This order shall not apply to, or restrict confidential discovery material used at the time of trial as evidence.  Protection of confidential discovery material at trial may be addressed by the court as a separate matter upon the motion of any party.  The provisions of this order shall not prejudice the rights of the parties with respect to the use or protection of confidential discovery material at trial.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

DATED:  August 1, 2012            ANTHONY & ASSOCIATES

By: */s/ Steven Anthony*
Steven Anthony
Jane Trigero
Attorneys for Plaintiffs

DATED:  August 1, 2012            SEDGWICK LLP

By: */s/ James Nelson*
Mario Horwitz
James Nelson
Attorneys for Defendants

**PURSUANT TO THE STIPULATION IT IS HEREBY ORDERED.**

_____August 6_____, 2012            _____

Honorable Samuel Conti

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLORIA RHYNES and DARRELL JENKINS,<br><br>              Plaintiffs,<br><br>   v.<br><br>STRYKER CORPORATION; STRYKER ORTHOPEDICS; and DOES 1 through 30, Inclusive;,<br><br>              Defendants. | Case No. 3:10-cv-05619-SC<br><br>**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER** |

    I, _____, acknowledge that I have read in its entirety and understand the Stipulated Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Confidential Discovery Material that have been designated as Confidential or Trade Secret. I agree that I will not disclose such Confidential Discovery Material to anyone except as expressly permitted by the Protective Order and only for purposes of this action, and that at the conclusion of the action I will return all such Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of enforcing the terms of this Protective Order, and that my violation of any term of the Protective Order could subject me to punishment for contempt of Court, even if such enforcement occurs after termination of this action.

    Dated this _____ day of _____, 20\_\_.

_____
Printed Name

_____
Signature

**ATTESTATION PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order No. 45 of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from the other signatory to this document.

By: */s/ James Nelson*
James Nelson